

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO.1:03-CR-32 |
| | § | |
| BRYAN TROY GOODEN | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Bryan Troy Gooden, violated conditions of supervised release imposed by Chief United States District Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #57) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on May 4, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 25, 2003, The Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced defendant after he pled guilty to the offense of Possession With Intent to Distribute 50 Grams or More of Cocaine Base, a Class A felony. Judge Clark sentenced the defendant to 166 months imprisonment to be followed by 5 years supervised, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, completion of his GED and a $100 special assessment. On September 4, 2008, the District Court ordered a retroactive sentence reduction for a "crack" cocaine offense, thereby reducing Mr. Gooden's prison term to 121 months, subject to the same supervision conditions. On May 4, 2012, Mr. Gooden completed his period of imprisonment and began service of the supervision term.

On June 8, 2012, the Court modified Mr. Gooden's conditions to include drug treatment. On July 16, 2014; December 24, 2014; and October 13, 2015, Gooden's conditions were further modified to include 180 days home detention and shall not have contact with Sade Sampson Gooden, respectively.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall not leave the judicial district without the permission of the court or probation officer.*

Specifically, on June 23, 2014, Bryan Gooden was stopped in Houston, Texas, by the Harris County Sheriff's Department. His vehicle was searched with consent and what was believed to be 32 pounds of synthetic marijuana was located in the trunk. No formal charges were filed. Bryan Gooden did not have permission travel to the Southern District of Texas.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence establishing that as part of his supervision term, Mr. Gooden was released on supervision and instructed regarding the conditions of his supervision, including not leaving the judicial district without permission. An officer with the United States Probation Office would testify that he learned, after the fact, that Mr. Gooden was stopped by the Harris County Sheriff's Department on June 23, 2014. The testimony would further show that Gooden did not receive permission for traveling to the Southern District of Texas.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised

release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by leaving the judicial district without permission.

If the Court finds that Mr. Gooden violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of IV and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 6 to 12 months. *See* U.S.S.G. § 7B1.4(a). Because the applicable offense of conviction in this case was a Class A felony, the statutory maximum imprisonment term upon revocation is five years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Here, the evidence and the defendant's own admission supports a finding that the defendant left the judicial district without permission in violation of his supervision conditions. Mr. Gooden voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing.*

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, the undersigned United States Magistrate Judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **ten (10) months** imprisonment for the revocation, with no additional term of supervision to follow upon his release. The Court also recommends placement in the Federal Correctional Complex in Beaumont, Texas, for service of Mr. Gooden's prison term, if possible.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority

by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of May, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE